A. Stetson Foster, Respondent, *v.* Henry B. Clifford,
Appellant.

(Supreme Court, Appellate Term, January, 1904.)

Lease — When an instrument is only a memorandum or an agreement
for a lease to be executed.

> A written agreement, relative to an apartment, which, although
> stating the term of occupation as five and one-half months and
> the gross rent, does not state how rent shall be payable, pro-
> vides that the owner may cancel the instrument within ten days
> if the references given by the proposed lessee are found not sat-
> isfactory, and is signed only by the proposed lessee, cannot be
> deemed a consummated lease, and a recovery under it by the
> owner for one month's rent in advance, the proposed lessee never
> having occupied and having given notice of cancellation before his
> references had been passed upon, cannot be supported.

Appeal by the defendant from a judgment of the City
Court of the city of New York, entered on a verdict directed
by the court in favor of the plaintiff.

Carroll Sprigg (James W. Osborne, of counsel), for ap-
pellant.

L. & A. U. Zinke, for respondent.

Greenbaum, J.    The plaintiff brings this action to recover
the rent of apartments in the Algonquin Hotel, for the month
ending May 16, 1903, under an alleged agreement " wherein
and whereby plaintiff leased to defendant and defendant
hired from plaintiff the said apartment for the term of five
and one-half months, commencing on April 16, 1903, and
terminating October 1, 1903, at a rental of $165 per month,
payable in advance, on the first day of each and every month
during said term."

The answer was a general denial.

Defendant's liability as lessee is predicated upon a memo-
randum signed by him, partly printed and partly written,
in the following form:

"AGREEMENT TO LEASE,
"Apartment in "Algonquin " Hotel,
"59 west 44th street.
"Telephone, 4081–38th st.
"A. STETSON FOSTER, Proprietor.
"ALBERT T. FOSTER, Manager.

NEW YORK CITY (*March 26th,* 1903).
"Name (Henry B. Clifford). Residence (Waldorf Astoria). Business (Banker & Broker). Address (10 Wall st., N. Y. City). Apartment (Ten & Eleven). Floor (Seventh). Rent (783.75). Date of lease (April 16th, 1903). Term (5½ months to October 1st, 1903). Reference (Bank of New Amsterdam Vice-President). Reference (Consolidated National Bank President). Deposit.

"In consideration of your holding the above apartment for me I agree to lease same as above and in accordance with the terms of your printed lease.

"The option being given to you to return my deposit and cancel this agreement within ten days if references are found not satisfactory.

"(HENRY B. CLIFFORD.)"

On March thirtieth, before the plaintiff had communicated to the defendant as to whether or not the references mentioned in the memorandum were satisfactory, the defendant notified the plaintiff in writing "to cancel the application for the rooms," and defendant never went into possession of the premises.

After the plaintiff had rested his case, defendant moved for a dismissal of the complaint upon the ground that the plaintiff had failed to establish a lease or contract as stated in the complaint and upon the close of the entire case this motion was renewed. The motions were denied, and the defendant duly excepted.

The plaintiff moved for a direction of a verdict for the full amount claimed, to wit, $165, which was granted, to which defendant excepted.

Supreme Court, Appellate Term, January, 1904. [Vol. 42.

The question is thus presented whether the memorandum above set out constituted a valid agreement of lease.

It is well settled that " if all the terms of the contract were not finally agreed upon, or if there is, upon the statement of the alleged contract between the parties, any unsettled term, or if any of the terms of the agreement are not clear, and if it is is understood between the parties that a formal lease was to be executed, then the contract will not be interpreted, * * * as a finally concluded lease which passes to the lessee the right to the possession of the premises, and which vests in the lessor the right to recover the rent." Arnold v. Rothschild's Sons Co., 37 App. Div. 569.

In the case just cited the facts are quite analogous to those here presented. The appellate court there held that the evidence was not clear that there was an understanding between the parties as to monthly payments, and for this reason, among others, held that no valid agreement between the parties had been entered into.

The memorandum in this action shows that there is no provision for any monthly payments, and yet the recovery is sought to be had upon the theory that the parties had, in fact, agreed to monthly payments in advance. An essential element is thus lacking in the memorandum, which, under the view taken in the Arnold case, would be fatal to the construction of the instrument as an agreement of lease. In addition to this, the character of the memorandum, giving, as it does, an option to the plaintiff to return a " deposit," which, as a matter of fact, does not seem to have been given in this case, and to cancel the agreement within ten days if the references were not found satisfactory, and the circumstances that the memorandum is not signed by the plaintiff, or any one in his behalf, would seem to indicate that this was not to be deemed a consummated lease.

The uncertainty of the agreement is emphasized by the further circumstances that the complaint alleges that the monthly rent was $165, for which amount a verdict was directed, whereas, a computation at the rate of $165.11 a month for " five and one-half months " shows a total rental of $907.50, instead of $783.75, the amount specified in

the memorandum. The minds of the parties had not fully met as to all the terms, and it cannot be said that the rights of both parties were fixed upon the signing of this memorandum by the defendant.

Although expressions are found ·in decisions and text-books differentiating between an agreement for a lease and a lease, it would seem that the real test to be observed in cases of this character is to determine whether there was any agreement in fact made. If there was no valid contract entered into between the parties, then there was strictly no agreement enforceable in law. In the language of the court in the case of Sourwine v. Truscott, 17 Hun, 434: "If there had been no absolute agreement made as to all the particulars of the lease which was to be given, if the minds of the parties had not met as to all these particulars, there was no agreement on which an action would lie."

The motion to dismiss should have been granted.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., and GILDERSLEEVE, J., concur.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.